657 A.2d 469

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. EVELYN BERMAN FRANK, DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 25, 1995—Decided May 10, 1995.

Before Judges MICHELS, STERN and KEEFE.

*Michael B. Jones,* Assistant Deputy Public Defender, argued the cause for appellant (*Susan L. Reisner,* Public Defender, attorney; *Mr. Jones,* of counsel and on the letter brief and reply letter brief).

*Edward M. Neafsey,* Assistant Attorney General, argued the cause for respondent (*Deborah T. Poritz,* Attorney General, attorney; *Mr. Neafsey* and *Robert E. Lytle,* Deputy Attorney General, on the letter brief).

PER CURIAM.

On March 3, 1995, we affirmed the revocation of defendant's probation and the imposition of a three-year sentence to the custody of the Commissioner of Corrections. *See State v. Frank,* 280 *N.J.Super.* 26, 654 *A.*2d 484 (App.Div.1995). However, because the trial judge had not considered, in detail, the material presented in connection with defendant's contention that she could not physically endure a prison sentence, we affirmed the judgment "without prejudice to consideration of this issue based on defendant's condition as of the date of the revocation or as it may have changed thereafter." *Id.* at 42, 654 *A.*2d 484. We did so because we believed that the record developed at the time of revocation required an exploration into the issues related to defendant's medical condition without requiring her to sustain the burden of proving "changed circumstances" following imposition of the custodial sentence. *Compare R.* 3:21–10(b)(2) and the cases decided thereunder, which we cited, *Frank, supra,* 280 *N.J.Super.* at 42–43, 654 *A.*2d 484.[1] We noted, however, that:

> [t]he nature of the crime of which defendant was convicted, including the presumption of imprisonment, as well as defendant's medical condition and the ability to treat her in prison, are all relevant factors.
>
> [*Frank, supra,* 280 *N.J.Super.* at 43, 654 *A.*2d 484.]

We concluded our opinion by holding:

> Defendant shall commence service of her sentence within thirty days of this opinion unless she files, within that time period, an application for reconsideration of sentence, accompanied by the appropriate and necessary supporting affidavits and documents, including relevant medical records. *Cf. R.* 3:21–10(c).
>
> [280 *N.J.Super.* at 43, 654 *A.*2d 484.]

Finally, we left "to the discretion of the trial judge all issues regarding the hearing, including the need for evidentiary proceedings, and the setting and continuation of bail pending any such hearing." *Ibid.*

---

[1] A *Rule* 3:21–10(b)(2) application is directed to release of a defendant from custody, *see e.g., State v. Priester,* 99 *N.J.* 123, 140–41, 491 *A.*2d 650 (1985).

On April 3, 1995, defendant filed a "notice of motion for reconsideration of sentence and an evidentiary hearing." The motion was made returnable on April 24, 1995, before the judge who heard the prior application for bail pending appeal after we directed that it be heard by some judge other than the trial judge who had ignored a previous direction to set such bail.[2] The motion was accompanied by a certification of trial counsel and affidavits of Doctors Albert B. Knapp and Steven Lamm. These affidavits, dated December 1993, and accompanying letters from other doctors, also written in 1993, appear to relate to defendant's inability to stand trial in a pending federal prosecution. In advance of the April 5, 1995, hearing before the trial judge, defendant also presented a letter, dated March 31, 1995, from Dr. John Ciccone, a board certified cardiologist.[3] The State responded with a letter from Thomas Farrell, Supervisor, and Dr. Dwight Hutchinson, Medical Director, both of the Health Services Unit of the Office of Institutional Support Services within the Department of Corrections (NJDOC), dated April 4, 1995. These two individuals reviewed the material submitted by defendant, including Dr. Ciccone's letter, and found "no evidence cited of medical conditions beyond the capacity of the NJDOC system. Her housing and programming with NJDOC would be arranged in accordance with her needs and limitations."

At the April 5 hearing, the trial judge denied "continued bail pending a hearing on the merits of her motion for resentencing under *R.* 3:21–10b," denied an evidentiary hearing, denied reconsideration of the sentence, and denied bail pending appeal. He did grant defendant's "motion for permission to surrender directly to Edna Mahan Correctional Facility for Women," but directed her "to surrender by 2:30 p.m." that afternoon.

---

[2] Defendant also filed a "motion for disqualification" of the trial judge.

[3] Dr. Ciccone's letter referred to the prior medical reports and hospital records concerning a May 1994 hospitalization at UMDNJ. Dr. Ciccone's letter was received, reviewed and referred to in the Department of Corrections' medical reports prepared both before and since defendant's incarceration.

Defendant could not prepare and file an emergent application until later the same afternoon. As defendant was already in custody, we directed preparation of a medical report from the institution before consideration of defendant's emergent application for bail pending appeal. We received the reports of Doctors Rudolph Archer and Donna Vining dated April 6, 1995. The same day we ordered preparation of a further "report of defendant's medical condition" to be provided defendant on April 17, and denied bail pending appeal without prejudice to a motion for reconsideration after review of that report. No motion for reconsideration was filed after receipt of Dr. Vining's subsequent reports dated April 13 and April 17. We have also received a copy of Dr. Ciccone's letter of April 10.

We need not decide if the trial judge improperly limited his consideration at the April 5, 1995 proceedings to whether defendant's medical condition had changed since the revocation of probation and imposition of the custodial sentence. Likewise, there is no need to decide whether the material presented warranted an evidentiary hearing prior to incarceration. We now have the benefit of extensive reports detailing defendant's medical condition on the first day of incarceration and during the first two weeks thereafter. We need not speculate as to whether defendant's condition is being monitored more closely than if she were not incarcerated, but we can say, with complete confidence, that defendant's concerns addressed to the impact of initial incarceration did not become reality.[4] We can also conclude, with reasonable certainty, that defendant's medical needs can be adequately monitored and addressed in the correctional setting. Moreover, the medical records which have been supplied since incarceration lead us to conclude that a change or reduction of sentence, or

---

[4] According to Dr. Vining's April 17 report, "Ms. Frank appears to be making a satisfactory transition to her daily routine at this Facility and has not reported complaints of undue chest discomfort, shortness of breath, dizziness or other possibly cardiovascular related symptomatology."

release from custody, is not warranted in light of the above quoted factors we identified in our prior opinion. *See Ibid.*

Our conclusion based on review of the additional material submitted since incarceration, *see R.* 2:10–5, also makes it unnecessary for us to review the issue of disqualification of the trial judge or of any other motion addressed to the trial judge.

Finally, the judicial system is available to entertain a motion under *R.* 3:21–10(b)(2) if defendant's medical condition in fact changes while she remains in custody; it also remains available to assist defendant to obtain medical records if the Attorney General or Department Of Corrections for some reason stop supplying that information to her counsel on a reasonable basis.

The denial of reconsideration of sentence is affirmed.